MANN, Judge
(concurring specially).
I think that the jury might have disbelieved Garcia’s alibi and that while the Tampa policemen’s forgetfulness might have challenged the jury’s credulity, and perhaps should have, this too might have been resolved by the jury in a way which makes my own credulity irrelevant. But the state did not even attempt to prove that Garcia had no right to a key to Miss Quick’s apartment and to eliminate the possibility that the key in his possession was rightfully obtained. For all this record shows Garcia could have been the owner, or manager, or custodian, or former tenant of the apartments. Miss Quick testified that she was let into her apartment after the theft by someone. Was that key identical? Here we have such a complete failure to develop the case that we must reverse for a new trial. Otherwise, I would think that a key, properly identified and so tied down by evidence that it could only have come from Miss Quick’s car, might properly ground an inference that Garcia broke and entered the car, whereas an article of intrinsic value, the lawful acquisition of which might be inferred, may not.